UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) Case No. 4:17CR00556 SNLJ NAB |
| | ) |
| | ) |
| MARLON CALDWELL, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO STRIKE THE INDICTMENT OR IN THE ALTERNATIVE, FOR BILL OF PARTICULARS

COMES NOW Defendant, by and through Counsel, and moves to strike the indictment herein or in the alternative, for a bill of particulars. In support of his Motion, Defendant states and alleges as follows:

1. The superceding indictment herein charges Defendant in two counts. Count 1 alleges that Defendant and others conspired to violate 18 U.S.C. Sections 666(a)(1)(B) and 666(a)(2) relating to theft or bribery concerning programs receiving Federal funds.

2. Central to the Government's Indictment is the allegation that at the time of alleged bribery, the St. Louis Metropolitan Police Department (SLMPD) had a written policy regarding the disclosure of police reports.

3. Specifically, paragraph ten of the Indictment states that "SLMPD has a written policy that specifies who may receive un-redacted accident reports."

4. In addition, paragraph nine of the Indictment indicates that SLMPD has a policy forbidding officers from accessing or disclosing information contained in reports for non-law enforcement purposes.

5. Paragraph eleven of the Indictment also suggests that SLMPD has a policy pertaining to what reports were available to individuals not involved in accidents.

6. Paragraph thirteen of the Indictment lists as one of the purposes of the conspiracy "to solicit, offer, accept and pay police officers to disclose accident reports, *contrary to the SLMPD's policy* governing the disclosure of un-redacted accident reports (emphasis added)."

7. Paragraph 17 of the Indictment posits that police officers were prohibited from providing un-redacted reports to individuals.

8. Paragraph 62 of the Indictment asserts that Defendant Taylor and Galina Davis were aware that SLMPD would not disclose un-redacted accident reports and the information contained therein.

9. Paragraph 65 of the Indictment suggests that Defendant Taylor was aware that the money he received from Galina Davis was "contrary to SLMPD policy".

10. Paragraph 66 of the Indictment avers that Defendant Taylor accept payments from Davis "contrary to the policy of the St. Louis Metropolitan Police Department".

11. The Government has not provided Defendant Caldwell a copy of any SLMPD policy relating to the disclosure of accident reports and/or the information contained therein.

12. On or about August 21, 2018, the Government disclosed to defense counsel that "Anna Molitor, from the City Counselor's Officer, advised that the disclosure of accident reports is not addressed in the orders or employment policies governing the St. Louis Metropolitan Police Department or its officers."

13. Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged."

14. In this instance, the Indictment is fatally flawed insofar as the Government has repeatedly suggested that one of, if not the central basis for the underlying offense, was the fact that the defendants violated a policy or policies of the SLMPD when no such policy exists.

15. In the alternative, Defendant Caldwell is seeking a bill of particulars.  A bill of particulars "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, and to avoid or minimize the danger of surprise at trial." *United States v. Hernandez,* 299 F.3d 984, 989-990 (8th Cir. 2002), *cert. denied,* 537 U.S. 1134, 123 S.Ct. 918, 154 L.Ed.2d 825 (2003).  In this case, a bill of particulars is necessary to alert Defendant Caldwell as to precisely what, if any, policies are at issue in this matter and to prevent any surprises at the trial of this matter.

WHEREFORE, Defendant Caldwell respectfully requests the Court dismiss the Indictment herein or in the alternative, order the Government to issue a bill of particulars setting forth with particularity what, if any, SLMPD policies and procedures were purportedly violated.

Respectfully Submitted:

Moran & Goldstein, L.C.

 /S/ WILLIAM GOLDSTEIN
William C.E. Goldstein
Attorney-at-Law, # 39575MO
230 S. Bemiston, Ste. 1200
St. Louis, MO 63105
(314) 932.2220

BRUNTRAGER & BILLINGS, PC

<u>/s/ Neil J. Bruntrager</u>
Neil J. Bruntrager #29688
Attorney for Defendant
225 S. Meramec Ave., Ste. 1200
St. Louis, MO 63105
(314) 646-0066
(314) 646-0065-facsimile

Signature above is also certification that a true and correct copy of the above and foregoing document has been filed this 31st day of August, 2018, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney, U.S. Court & Custom House, 111 South 10th Street, St. Louis, MO 63102.