UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:17-cr-00556-SNLJ |
| | ) | |
| MARLON CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO PRETRIAL MOTIONS OF MARLON CALDWELL**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney, Eastern District of Missouri, and Dorothy L. McMurtry, Assistant United States Attorney for said district, and opposes defendant Marlon Caldwell's "Request for Leave to File Pretrial Motions Regarding the Sufficiency of the Indictment and Request for a Continuance," Doc. # 107, and his "Motion to Strike the Indictment or in the Alternative for Bill of Particulars," Doc. # 106.  For the reasons discussed below, the Government urges the Court to deny the above requests and motion.

**REQUEST FOR LEAVE TO FILE PRETRIAL MOTIONS REGARDING THE SUFFICIENCY OF THE INDICTMENT AND REQUEST FOR A CONTINUANCE**

<u>Caldwell Has Not Shown Good Cause for Failing to File Timely Motions</u>

Fed. R. Crim. P. 12(b)(3)(A) provides that a motion alleging a defect in the indictment must be made before trial.  Fed. R. Crim. P. 12(c) further provides that the court may set a deadline for the parties to make pretrial motions.  If a party does not meet the deadline for filing Rule 12(b)(3) motions, the court will consider an untimely motion only upon a showing of good cause. Fed. R. Crim. P. 12(c)(3).

In the instant case, the superseding indictment was filed on January 3, 2018.  Doc. # 24.  On January 16, 2018, a pretrial order was issued, directing the parties to file pretrial motions by February 15, 2018.  Doc. # 38.  On February 14, 2008, the Court granted Caldwell's unopposed motion to extend the deadline to file pretrial motions.  Doc. # 41.  Similarly, on March 16, 2018 (Doc. #45); April 23, 2018 (Doc. # 59); April 27, 2018 (Doc. # 61); and May 15, 2018 (Doc. # 68), Caldwell's unopposed motions for extensions were granted.  Finally, on May 18, 2018, Caldwell waived the filing of pretrial motions.

Between the filing of the superseding indictment in January 2018 and the waiver of pretrial motions on May 18, 2018, Caldwell had almost five months to review the indictment and to file any motions challenging the sufficiency of the indictment.  He should not be permitted -- at this late date and following a waiver of pretrial motions -- to file a motion challenging the sufficiency of the indictment.

Caldwell does not expressly state why he failed to challenge the indictment in the preceding eight months.  He appears to argue that the Government's August 21, 2018 notice of arguably Brady information somehow renders the indictment insufficient.  This is a frivolous argument.  The Government merely informed Caldwell that a lawyer in the St. Louis City Counselor's Office stated that the disclosure of accident reports is not addressed in the orders or employment policies governing the St. Louis Metropolitan Police Department (SLMPD) or its officers.  In no way does this information affect the sufficiency of the indictment.

The Government urges the Court to deny Caldwell's request for leave to file a pretrial motion challenging the indictment because he has not shown good cause for filing a motion more than three months after the due date.

The Motion to Continue the Trial Should Be Denied

The Government opposes the request for a continuance of the trial. Contrary to Caldwell's assertion, there has been no "substantial change in proof" which he must prepare to meet. As stated above, the superseding indictment was filed on January 3, 2018 and Caldwell and his co-defendants received the discovery in January 2018. Further, the Government has not changed its theory of the case; nor has there been a substantial change in the evidence the Government will offer.

Caldwell has known since the filing of the January 2018 indictment that the Government would offer evidence that the SLMPD limited the disclosure of accident reports. Paragraph 10 of the indictment alleges that the SLMPD had a written policy concerning the disclosure of accident reports. The indictment also alleges in paragraph 8 that the following warning appeared each time police officers accessed their computers: "**WARNING**: Use of this computer is restricted and monitored . . . The computer systems are to be used solely for business purposes of the Department and not for personal purposes of the employees . . . . All information and messages created, sent, received or stored on the Department's computer systems are the sole property of the Department." This warning is significant because during the conspiracy, Caldwell and the other police officers accessed the computer system to obtain the accident report information they sold to co-conspirator Galina Davis.

Caldwell does not explain why arguably favorable evidence, disclosed a month before trial, requires a continuance. The Government has disclosed the name of the city counselor, whom Caldwell's attorneys may interview and call as a witness, if they choose. It is ironic that Caldwell argues that the city counselor's statement totally undermines the Government's proof

3

of a written SLMPD policy concerning accident reports and at the same time argues that he needs more time to prepare to address this favorable evidence.

The Government urges the Court to deny the request for a continuance.

## MOTION TO STRIKE THE INDICTMENT OR IN THE ALTERNATIVE FOR BILL OF PARTICULARS

As discussed above, this Court should deny Caldwell's motion to strike the indictment or in the alternative for a bill of particulars because he has not shown good cause for failing to timely file the motion. However, even if considered on the merits, Caldwell's motions should be denied because the indictment is sufficient on its face.

The Indictment is Sufficient on its Face

Fed. R. Crim. P. 7(c) provides that an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment is generally sufficient if it alleges all the essential elements of the offenses, and provides sufficient information so that a defendant can prepare his defense and assert a conviction or acquittal as a bar to any future prosecution for the same acts. See Hamling v. United States, 418 U.S. 87, 117 (1974). An indictment will "ordinarily be held to be sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offenses for which the defendant was convicted. United States v. Mann, 701 F.3d 274, 288 (8th Cir. 2012)(citations omitted).

Caldwell argues that the indictment is insufficient because the Government will not be able to prove that the SLMPD had a written policy concerning the disclosure of accident reports. This is clearly an attack on the sufficiency of the evidence. As discussed above, Caldwell's contention is based entirely on the statement of a city counselor concerning accident reports. Whether this lawyer's statement is a fatal blow to the Government's case can only be determined after the Government presents all its evidence at trial.

4

At this point in these proceedings, the only question is whether the indictment is sufficient. At the pretrial stage of a criminal proceeding, the court does not review the sufficiency of the evidence. United States v. Ferro, 252 F.3d 964, 967-68 (8th Cir. 2001)(holding federal procedure does not provide for pre-trial determination of sufficiency of evidence). Other than suggesting that the Government will not be able to prove its case, Caldwell does not, and cannot, identify any specific defects in the indictment.

In this case, the 29- page indictment tracks the language of 18 U.S.C. §§ 371 and 666, alleges all the essential elements of these offenses, identifies Caldwell's co-conspirators, quotes verbatim conversations between Caldwell and his co-conspirators discussing the conspiracy to commit bribery, and identifies by date, time, and place numerous overt acts in furtherance of the conspiracy. See United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009) (rejecting sufficiency challenge to indictment). Specifically, paragraphs 12 and 13 allege the essential elements and purpose of the conspiracy, paragraphs 14-44 allege the manner and means by which the conspiracy was carried out and paragraphs 45-59 allege overt acts. Similarly, Count 2 of the indictment alleges that between October and November 2016, Caldwell aided and abetted his co-conspirator Mark Taylor, who accepted cash from co-conspirator Galina Davis for accident reports or information contained in the reports. See paragraphs 61 to 67 of the indictment.

The indictment informs Caldwell of the nature of the offenses with which he is charged and provides sufficient facts so he can prepare his defense and use an acquittal or conviction as a bar to further prosecution for the same acts. No more is required. Although Caldwell may find the statement of the city counselor useful to his defense, this statement does not cause the indictment to be insufficient or defective in any way.

Moreover, Caldwell's arguments concerning the sufficiency of the Government's evidence is premature and based on incomplete evidence. Caldwell wrongly suggests that the city counselor's statement conclusively establishes that there was no SLMPD policy, written or otherwise, concerning the disclosure of accident reports. To arrive at this conclusion, Caldwell relies solely on the statement of the city counselor and ignores or gives no weight to the warning on the SLMPD computer and the written policy statement on the SLMPD website. The following policy, entitled "Criminal Incident and Accident Reports" appears on the SLMPD website:

> Criminal Incident and Accident Reports
>
> Police reports are available through the Records Division as a convenience to victims. The primary goal of the Records Division when releasing police reports is to protect the rights of those individuals named in the report. As a result, police reports can be retrieved from the Records Division for the following persons: Persons involved in the incident (victim, suspect, property owner); family members of persons involved in the incident if the person involved in the incident is deceased (death certificate required) or incompetent (statement from doctor on letterhead required); and witnesses to an incident. Attorneys and Insurers for persons involved in the incident should use the link to the right to obtain information on retrieving police reports.
> Criminal Incident and Accident Reports are available to the above-listed individuals through the Records Division beginning 5 business days after the date of the incident. Requests can be made in person by visiting the Records Division at Police Headquarters or by mail. Please call the Records Division prior to visiting the office to ensure that your report is available.
> You will be asked to provide as much information about the requested report as possible, including:
> • Date and place of occurrence
> • Complaint Number
> • Names of persons involved
> When an individual not involved in the incident is representing an individual who is involved, they must have notarized authorization from the involved party giving permission to the St. Louis Police Department to release the information to the designated party. Requests presented on company letterhead do not have to be notarized, as the name of the company will be in the report.

The motion to strike the indictment, if considered on the merits by the court, should be

6

denied.

Caldwell's Motion for Bill of Particulars is Untimely and Not Required

Caldwell requests that the court order the Government to produce a bill of particulars to inform him "precisely what, if any, policies are at issue in this matter and to prevent any surprises at the trial of this matter." Caldwell is in essence requesting a detailed disclosure of the evidence the Government will present at trial. A bill of particulars is not a discovery tool and a defendant does not have a right to know how the Government will prove the charged offenses at trial. United States v. Lundstrom, 880 F.3d 423, 439 (8th Cir. 2018). The very detailed indictment, the discovery provided to Caldwell, and the policy concerning accident reports posted on the SLMPD website leaves no doubt as to the nature of and the particular facts underlying the charges against Caldwell. For the reasons discussed above, Caldwell's motion for a bill of particulars should be denied.

## CONCLUSION

The Government respectfully urges the Court to deny Caldwell's request for a continuance of the trial and to deny his request to file untimely pretrial motions to strike the indictment and for a bill of particulars or alternatively, to deny the motion to strike the indictment and a bill of particulars.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Dorothy L. McMurtry*
DOROTHY L. McMURTRY #37727MO
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

        */s/ Dorothy L. McMurtry*
        DOROTHY L. McMURTRY, #37727MO
        Assistant United States Attorney